**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ANDRES MARRERO GONZALES | § | |
| VS. | § | CIVIL ACTION NO. 1:16cv179 |
| UNITED STATES OF AMERICA | § | |

### ORDER OVERRULING OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Andres Marrero Gonzales, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed the above-styled motion to vacate, set aside or correct sentence. The court referred the matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the motion to vacate, set aside or correct sentence be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Movant filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the applicable law.

Movant was convicted of violating 18 U.S.C. § 922(g). Movant had four prior Texas convictions for burglary of a habitation. As the court determined these convictions constituted violent felonies within the meaning of 18 U.S.C. § 924(e)(2)(B), movant was subject to a mandatory minimum sentence of 15 years of imprisonment. Movant contended that in light of subsequent decisions by the Supreme Court, his burglary convictions no longer qualified as violent felonies.

The Magistrate Judge concluded movant's argument was without merit. The court agrees. Pursuant to the holding of the United States Court of Appeals for the Fifth Circuit in a recent case, movant's prior burglary convictions remain violent felonies within the meaning of Section 924(e)(2)(B). *United States v. Herrold*, 941 F.2d 173, 177 (5th Cir. 2019) (*en banc*). Movant is

therefore not entitled to relief.

ORDER

Accordingly, the objections are **OVERRULED**. The proposed findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ACCEPTED**. A final judgment will be entered denying this motion to vacate.

In addition, the movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* U.S.C. § 2253. The standard for granting a certificate of appealability requires a movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). In making a substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *Slacke*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the movant has not shown that the issue of whether his motion to vacate is meritorious is subject to debate among jurists of reason. In addition, the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not be issued.

So **ORDERED** and **SIGNED** April 6, 2020.

_____
Ron Clark, Senior District Judge